IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GENO LEWIS HAWKINS, SR.,
    Petitioner,

vs.                                         Case No.:  4:16cv660/WS/EMT

JULIE L. JONES,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's "Motion for Re-Enstatement [sic] of Our Case—Stipulated" and "Motion Re-Enstate Courtesy [sic]" (ECF Nos. 42, 43), which the court construes as motions for relief from judgment, under Rule 60 of the Federal Rules of Civil Procedure.

The case was referred to the undersigned for the issuance of any recommendations to the district court regarding applications for post-trial relief.  *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b); Campbell v. Sec'y for Dep't of Corr., 370 F. App'x 5, 8 (11th Cir. 2010) (unpublished but recognized as persuasive authority) (absent consent of the parties, magistrate judge exceeded authority in issuing final order on petitioner's Rule 60 motion and was authorized only to make report and recommendation to district court).

After careful consideration of the issues raised by Petitioner, it is the opinion of the undersigned that Petitioner's Rule 60 motion should be denied.

I.  BACKGROUND AND PROCEDURAL HISTORY

In 2009, the Circuit Court in and for Gadsden County, Florida, convicted Petitioner of one count of sexual battery with penetration by a correctional officer and one count of introduction of contraband into a state correctional institution (*see* ECF No. 23, Ex. A at 65–66). The state court sentenced Petitioner to ten years in prison followed by ten years of sex offender probation on the sexual battery count, and time served on the introduction of contraband count (*see id.* at 68–74). The Florida First District Court of Appeal affirmed the judgment. *See* Hawkins v. State, 68 So. 3d 237 (Fla. 1st DCA 2011) (Table).

Petitioner commenced this federal habeas action on October 16, 2016 (ECF No. 1). He raised the following four grounds for relief:

Ground One: "Illegal Search & Seizure."

Ground Two: "Counsel was Ineffective Assistant [sic] of Counsel During the Process and the Proceedings Held."

Ground Three: ""The A.V. [alleged victim] Filed a False Report."

Ground Four: "Magistrate T. Bateman Issued a Faulty Arrest Warrant."

(ECF No. 6 at 5–10).  On December 11, 2017, the undersigned issued a Report and Recommendation determining that the court lacked jurisdiction to consider Petitioner's challenge to his conviction for introduction of contraband (*see* ECF No. 32 at 11–13).  With respect to the sexual battery conviction, the undersigned determined that the § 2254 petition was untimely (*see id.* at 2–11).  The undersigned additionally concluded that Petitioner's Ground One was procedurally barred, Ground Two was without merit, Ground Three was procedurally barred and without merit, and Ground Four was without merit (*see id.* at 11–35).  For these reasons, the undersigned recommended that the amended habeas petition be dismissed.  In an order rendered January 18, 2018, the district judge adopted the Report and Recommendation and incorporated it by reference into the order (ECF No. 35).

Petitioner filed the instant motions for relief from judgment on April 25 and 27, 2018 (ECF Nos. 42, 43).  He is no longer in prison, and is serving his probationary term (*see* ECF No. 41; ECF No. 43 at 2).  In Petitioner's first motion, he argues that the "process and proceedings" which led to dismissal of his habeas petition were "invalid" and violated his federal rights to procedural due process and equal protection, because the copy of the Report and Recommendation mailed to him by the clerk's office was printed on both sides of the paper (i.e., double-sided) (*see* ECF No.

42 at 1). Petitioner also requests "post trial release," pursuant to Rule 3.691 of the Florida Rules of Criminal Procedure (*see* ECF No. 42 at 2–3). And Petitioner requests that the court "extend this courtesy" to his son, Geno Lewis Harkins, Jr. (*id.* at 3). Petitioner alleges his son was arrested in 2013, pursuant to an arrest warrant which allegedly was not supported by probable cause (*id.*). Petitioner requests that this court dismiss the charges against his son and grant him "post trial release" (*id.*).

In Petitioner' second motion, he reiterates his request for "an extension of courtesy" to not only his son, but to all of his family members (*see* ECF No. 43 at 1). Petitioner also challenges the state trial proceedings on due process and equal protection grounds, arguing that the court reporter failed to "certify" the trial transcript (*id.* at 2). Petitioner requests that the court release him from all conditions of his probation, remove all restraints associated with his status as a sexual offender, and direct Respondent to release his property, medical records, classification records, mail, and "any and all things that Petitioner is entitled to" (*id.* at 2–3).

II. DISCUSSION

Rule 60 provides, in relevant part:

> (**a**) **Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order,

or other part of the record. The court may do so on motion or on its own, with or without notice.

. . . .

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(a)–(b).

A prisoner whose petition for a writ of habeas corpus has been denied may file a motion under Rule 60(b) to "challenge some defect in the integrity of the federal habeas proceedings," but not to "assert, or reassert, claims of error in [his] state conviction." Gonzalez v. Crosby, 545 U.S. 524, 532 & n.4, 537, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). A motion that seeks to add a new ground for relief, or which

attacks the federal court's previous resolution of a claim <u>on the merits</u>, is the equivalent of a successive habeas petition and thus subject to the requirement that it be precertified by the court of appeals as falling within an exception to the successive-petition bar of § 2244(b)(3). *See id.* (emphasis in original). When a petitioner "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar," he is not asserting a habeas corpus claim and may proceed under Rule 60.

Under the "catchall" provision of Rule 60(b)(6), the prisoner must prove "'extraordinary circumstances' justifying the reopening of a final judgment." <u>Gonzalez</u>, 545 U.S. at 535 (quoting <u>Ackermann v. United</u> States, 340 U.S. 193, 199, 71 S. Ct. 209, 95 L. Ed. 207 (1950)). Extraordinary circumstances that warrant the reopening of a judgment "will rarely occur in the habeas context." <u>Gonzalez</u>, 545 U.S. at 535.

Here, to the extent Petitioner contends the clerk of court's printing his copy of the Report and Recommendation on both sides of the paper constitutes a defect in the integrity of the federal habeas proceeding, his argument is properly presented in a Rule 60 motion. However, Petitioner is not entitled to relief. The double-sided

printing was not a mistake; it did not render either the district court's order or the judgment void; and it is not an "extraordinary circumstance" warranting relief under Rule 60(b)(6). Further, Petitioner has not shown error with respect to the court's previous ruling on either the jurisdictional issue, the statute of limitations issue, or the procedural default issue(s).

Moreover, Petitioner's new constitutional challenges to the state trial proceedings (on the ground that the court reporter failed to certify the trial transcript) may not be considered, because they constitute new habeas claims which may not be considered unless and until Petitioner obtains permission to file a successive habeas petition from the Eleventh Circuit.[1]

Finally, Petitioner's request that Respondent be ordered to release his property, medical records, classification records, mail, and "any and all things that Petitioner is entitled to" is not a proper basis for post-trial relief in this habeas action. And to the extent Petitioner request "post-trial release" pursuant to Rule 3.691 of the Florida Rules of Criminal Procedure, the state rules of criminal procedure do not apply in this

---

[1] Even if the court could properly consider Petitioner's new claims, they would be subject to dismissal as frivolous. The trial transcript is part of the state court record (*see* ECF No. 23, Ex. B). It includes a certificate from Julie L. Doherty, the court reporter (*see id.* at 470).

Case No.: 4:16cv660/WS/EMT

federal proceeding. *See* Palm Beach Golf Center–Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1260 (11th Cir. 2015). Therefore, this request should be denied.

III.  CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, 137 S. Ct. 773 (2017) (quoting Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that

showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Petitioner's "Motion for Re-Enstatement [sic] of Our Case—Stipulated" and "Motion Re-Enstate Courtesy [sic]" (ECF Nos. 42, 43), construed as motions for relief from judgment under Rule 60, be **DENIED**.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida this 8th day of May 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**